UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN RYERSE, et al.,

        Plaintiffs,

CASE NO. 1:08-CV-516

v.

HON. ROBERT J. JONKER

PATRICIA CARUSO, et al.,

        Defendants.

_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 26), and Defendants' Objections to that portion of it recommending denial of qualified immunity on the present record (docket # 27). Plaintiffs have not objected to any portion of the Report and Recommendation. Under the Federal Rules of Civil Procedure, when a party objects to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Defendants' objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct. Plaintiffs' complaint involves application of an MDOC policy on visitation that has the effect of banning for Plaintiff Maddox *all* contact and non-contact visits *from any person* for the *entire time* Plaintiff Maddox is in MDOC custody *without any possible review*, *reversal or modification* no matter how circumstances may change. This at the very least implicates the important constitutional rights and issues outlined by the United States Supreme Court in *Overton v. Bazzetta*, 539 U.S. 126 (2003), and states a claim surviving Rule 12(b)(6) challenge. Accordingly, the Magistrate Judge correctly concluded that Defendants' Motion to Dismiss cannot be granted in its entirety.

In fact, the only portion of the Report and Recommendation challenged here is the recommended denial to the individual Defendants of qualified immunity on the present record, which included only a cryptic, two-paragraph assertion of a right to qualified immunity. The Defendants' Objection (docket # 27) includes a somewhat expanded argument in support of qualified immunity, but even Defendants do not object to that portion of the Report and Recommendation that would permit the continuation of Plaintiffs' claims for injunctive relief. Under these circumstances, the Magistrate Judge made the correct call in allowing the claims for all possible forms of relief against the individual Defendants to proceed. This will permit the parties and the Court to refine in the particular facts of this case the precise contours of the

constitutional rights involved, and whether those particular rights were "clearly established" within the meaning of qualified immunity jurisprudence. Nothing in the Magistrate Judge's Report and Recommendation, or this Court's Order adopting it precludes the individual Defendants from raising a qualified immunity defense after the rights at stake have been more clearly defined, and the issues more completely briefed.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 26 ) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (docket # 13) is **GRANTED** to the extent of dismissing Plaintiffs' claims for damages against the Defendants in their official capacities as barred by the Eleventh Amendment, but **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the claims of the minor Plaintiffs are **DISMISSED** from the action at this time, without prejudice, based on their inability to proceed in this matter for the reasons described in the earlier order of the Court (docket # 2), and in the Report and Recommendation (docket # 26, at 4). Plaintiffs have not objected to this portion of the Report and Recommendation.

Dated:   September 11, 2009            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE